OPINION
{¶ 1} Defendant-appellant Michael R. Gordon attempts to appeal from the November 1, 2002, Judgment Entry of the Fairfield County Court of Common Pleas which denied appellant's motion for return of bail. Plaintiff-appellee is the State of Ohio.
STATEMENT OF THE FACTS AND CASE
 {¶ 2} Appellant was indicted on May 3, 2002, by the Fairfield County grand jury on several felony drug charges. Appellant posted a $500.00 bond.
 {¶ 3} On August 9, 2002, appellant appeared with appointed counsel and plead guilty to one count of complicity to commit trafficking in cocaine, a felony of the second degree. A sentencing hearing was held that same day.
 {¶ 4} By Judgment Entry of Sentence filed August 15, 2002, appellant was found indigent for purposes of payment of a mandatory fine. Appellant was ordered to pay a general fine of $500.00 and ordered to pay costs. Appellant was also ordered to forfeit his bond, which was applied toward the fine and costs. Lastly, appellant was sentenced to three years of incarceration. Appellant did not appeal from that August 15, 2002, Judgment Entry of Sentence.
 {¶ 5} On September 27, 2002, appellant filed a motion for return of bail. By Judgment Entry filed November 1, 2002, the trial court overruled appellant's motion.
 {¶ 6} This case comes to us on the accelerated calender. App.R. 11.1, which governs accelerated calender cases, provides, in pertinent part: "(E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11. 1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 7} This appeal shall be considered in accordance with the aforementioned rule.
I II
 {¶ 8} Appellant presents two assignments of error. In the first assignment of error, appellant contends that the trial court erred when it overruled appellant's Motion for Return of Bail, relying upon R.C.2937.40(C)[1]. Appellant argues the trial court erred when it found appellant to be indigent earlier in the proceeding and implicitly found appellant not indigent at sentencing when considering whether to return bail. Appellant also contends that the trial court erred when it required that the bond be posted in appellant's name only, citing R.C. 2937.22(A) and (B).[2]In appellant's second assignment of error, appellant asserts that the trial court erred when it imposed financial sanctions upon appellant despite his indigency.
 {¶ 9} This Court cannot address the merits of appellant's arguments as we find this Court does not have jurisdiction to hear this appeal. Appellant contends that he is appealing from the trial court's denial of his Motion for Return of Bail. However, the errors alleged in appellant's appeal arise from the trial court's August 15, 2002, Judgment Entry of Sentence. In that Judgment Entry, the trial court imposed the fine from which appellant appeals and ordered that the bond posted by appellant be forfeited and applied to the fine and court costs. Appellant did not appeal from that Judgment Entry.
 {¶ 10} A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed. . . ." App.R. 4. Because appellant failed to file a notice of appeal within thirty days of the Judgment Entry of Sentencing, this court is without jurisdiction to determine the merits of appellant's appeal. See App.R. 3.
 {¶ 11} Accordingly, appellant's appeal is dismissed.
By Edwards, J.; Gwin, P.J. and Wise, J. concur.
[1] "Bail of any type that is deposited under sections 2937.22 to 2937.45
of the Revised Code or Criminal Rule 46 by an accused shall be discharged and released to the accused, and property pledged by an accused for a recognizance shall be discharged, upon the appearance of the accused in accordance with the terms of the recognizance or deposit and the entry of judgment by the court or magistrate, except that, if the defendant is not indigent, the court may apply deposited bail toward the satisfaction of a penalty or fine, and court costs, assessed against the accused upon his conviction or guilty plea, and may declare forfeited and levy or execute against pledged property for the satisfaction of a penalty or fine, and court costs, assessed against the accused upon his conviction or guilty plea." R.C. 2937.40(C).
[2] "Bail is security for the appearance of an accused to appear and answer to a specific criminal or quasi-criminal charge in any court or before any magistrate at a specific time or at any time to which a case may be continued, and not depart without leave. It may take any of the following forms:
(A) The deposit of cash by the accused or by some other person for him;
(B) The deposit by the accused or by some other person for him in form of bonds of the United States, this state, or any political subdivision thereof in a face amount equal to the sum set by the court or magistrate. . . ." R.C. 2937.22